**Floyd Andrew BENNETT, O.S.P. #55523, Petitioner,**

**v.**

**The STATE of Oklahoma, Respondent.**

**No. A–14298.**

Court of Criminal Appeals of Oklahoma.

May 8, 1968.

Charles V. Foor, McAlester, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

On May 8, 1967 Floyd Andrew Bennett, O.S.P. #55523, filed in this Court a petition for post conviction appeal, alleging that his attorney failed to perfect an appeal from petitioner's conviction in the Superior Court of Comanche County, Oklahoma on February 16, 1954.

The Attorney General filed a response to this petition, and suggested that petitioner be granted an evidentiary hearing before the trial court.

In keeping with the petition, and the suggestion of the Attorney General, this Court ordered an evidentiary hearing to be held in the Superior Court of Comanche County, and that such evidentiary hearing be transcribed and transmitted to the Clerk of this Court, with the trial court's findings of fact.

The petitioner herein testified at length at the evidentiary hearing concerning his trial, and his mother also testified in his behalf. The State presented the testimony of Mr. Lewis F. Oerke, whom petitioner stated his parents employed to defend him in his original trial.

The findings of fact and conclusions of law made by the Hon. Robert S. Landers are as follows:

"The Court finds that the Defendant, Floyd Andrew Bennett was ably represented by experienced counsel at all stages of the proceedings; that he requested that no Motion for a New Trial be filed since Mr. Manville Redman, the then County Attorney, said that he would confess the Motion because he was not satisfied with the verdict.

"The Court is of the opinion that Mr. Bennett received a fair and impartial trial."

From the transcript of the hearing, and the files before us, we find that this petitioner and one Billy Bruce Faulkner were charged with rape in the first degree, the victim being a 14-year old girl, a resident of the City of Lawton. Mr. Paul Busby was appointed by the Court to represent the defendants at the preliminary hearing on their statements that they were unable to provide counsel. Both defendants entered pleas of not guilty. A motion for change of venue was filed, and denied, and exceptions allowed. Defendants then moved for a severance, which was granted, and the State elected to try this petitioner first. Petitioner then withdrew his plea of not guilty, and entered a plea of guilty.

On November 14, 1953 this petitioner appeared with his attorney, Paul Busby, and with the permission of the court withdrew his plea of guilty, and entered a plea of not guilty, and asked for a jury trial. The Court accepted the plea of not guilty, and defendant Bennett stated that he was

then able to employ his own counsel, and Mr. Busby was permitted to withdraw as attorney for this petitioner. On December 14, 1953, at the request of his attorney the defendant was committed to the State Hospital at Ft. Supply for examination.

On January 25, 1954 counsel for defendant filed a motion for change of venue, with affidavits, which motion was denied, and this case came on for trial February 1, 1954. The jury returned a verdict of guilty, and fixed punishment at 35 years in the state penitentiary.

Thereafter, on February 16, 1954, defendant was sentenced to serve 35 years in the penitentiary. At that time defendant's attorney announced, at defendant's request, that no motion for new trial would be filed, which was noted on the appearance docket. Defendant was delivered to the Warden of the State Penitentiary on February 23, 1954.

Mr. Oerke, testifying at the evidentiary hearing, stated that he represented this petitioner at his trial in the Superior Court of Comanche County, and that after the verdict was returned he discussed a motion for new trial with the defendant, having been advised by the county attorney that he would not resist such motion if filed, and defendant indicated that he did not want a motion for new trial filed— that he was satisfied with the verdict.

It is abundantly clear to this Court, from the testimony offered at the evidentiary hearing, that the defendant fully understood his right to appeal, and that he expressed his desire to his attorney that no motion for new trial be filed.

The attorney for petitioner has filed an extensive brief on behalf of his client, which has been given due consideration.

After considering all things filed in this matter, and the transcript of the evidentiary hearing, we accept and concur in the findings of fact made by the Hon. Robert S. Landers. We are, therefore, of the opinion that this petitioner was ably represented by counsel at all stages of his

trial; that he knowingly and intelligently waived his right to appeal when he requested his counsel not to file a motion for new trial; that petitioner received a fair and impartial trial in accordance with due process of law, and that he was afforded all his constitutional rights throughout the entire proceedings.

NIX, P. J., and BUSSEY, J., concur.